Argument not to exceed 15 minutes per side. Mr. Shedd and Mr. Eslitch, you may proceed for the argument. Good afternoon, your honors. May it please the court. I'm here this afternoon as an acting supervising attorney for the University of Michigan Appellate Litigation Clinic. And we thank the court for allowing Mr. Andrew Eslitch to be able to present argument this afternoon on behalf of the appellant, Mr. Major. Mr. Eslitch is a now graduated and soon-to-be attorney, graduated law student from the University of Michigan. Thank you. Thank you. Good afternoon. May it please the court. My name is Andrew Eslitch and I represent the appellant, Mr. Daniel Major. I would like to reserve four minutes for rebuttal. Fine. Thank you. During his revocation hearing, Mr. Major argued for a concurrent sentence. The district court, failing to provide a fair and proper hearing, gave Mr. Major a 33-month consecutive sentence. This sentence does not only strip Mr. Major of nearly three years of his liberty, but is also procedurally unreasonable for two reasons. First, the district court failed to address Mr. Major's primary non-fivolous argument for a concurrent sentence. And second, the district court failed to provide a sufficient record for appellate review. For these reasons, under abuse of discretion review, we ask this court to remand this case for resentencing. First, the district court failed to address Mr. Major's primary non-fivolous argument that because he was arrested a mere one week before the expiration date of his supervised release period, that that would warrant a concurrent sentence. District courts are required to address defendants' non-fivolous arguments. When they do not, that sentence is procedurally unreasonable. Here, in district court's fleeting four-paragraph explanation, the district court did not address Mr. Major's argument. Rather, it said, but for the multiple violations, Mr. Major would have had a better argument, and that the sentence was sufficient but not greater than necessary to comply with the 3553A factors. Well, I mean, why isn't that phrase or sentence rather full of meaning here? I mean, the court said it would be a very different case if this thing he had pled to in the February of the relevant year had been the only violation, but, I mean, it appears that he had been violating every few months or so during, or there were many violations, and the charged conspiracy itself was charged to have begun in October. So why isn't it fair to say that it's just fortuitous that the violation he was being sentenced for came at the end because he had been violating throughout, and it would be almost arbitrary to make it concurrent on the ground that it was late because, you know, he was doing stuff all along. Two points, Your Honor. First, it's that many of the violations for which the court had noted in the four violations are regarding testing positive for THC, not for the offense of an ad. Second, Mr. Major's argument was that he was set to, that the supervised release period was set to expire one week before he was arrested, or after he was arrested. He was not making an argument that he had a pristine record, rather that here in this one case he was arrested one week before his supervised release was set to expire. So the fact that the district court referenced some multiple violations does not properly address the argument that he was making regarding a proximity in time argument, not perhaps a frequency of violation argument. But the others were not proximate in time. They were covering a whole long area. That is true, Your Honor. But in here, in this case, Mr. Major was arguing for that proximity in time argument. He never was arguing that he had a pristine record. If that were his argument, then the district court would have addressed it by saying but for the multiple in the U.S. v. Thomas Matthews interplane error review, where the court only looks at the aggravating factors or the aggravating circumstances, but fails to address the mitigating arguments this court has found that that sentence is procedurally unreasonable. In other circumstances where the court fails to address half of the arguments, 204, this court has also found that that sentence is procedurally unreasonable. For there we have U.S. v. Ferguson. In that case, the district court rejected one argument, but failed to provide its reasoning to do so, glossed over another, and then completely ignored two. And there, this court has said that that sentence was procedurally unreasonable for not addressing the mitigating argument that the defendant had brought forth. And that is very similar to the case here. Mr. Major made one argument, that proximity-based argument, that because he's arrested one week before his supervised release is set to expire, that that warrants a concurrent sentence and the court did not address that argument. Did the court address, in any way, the idea of concurrent versus consecutive sentences? The court said that the sentence would run consecutively, but it did not provide its rationale for doing so. And that takes us to... But didn't the government argue for consecutive sentences and cite a particular section of the sentencing guidelines that would require normally consecutive sentences? Yes. The government did reference the sentencing guidelines that did say that there is a presumption or rather the sentence shall run concurrently. But the court did not reference... Shall run consecutively. Yes. Sorry. Shall run consecutively. The court did not state that by itself. Rather, the court only looks at the... Excuse me. The court did note that it was consistent with the guidelines, did it not? That this is page four of the transcript, line 16. And I think consistent with the guidelines, I think that the sentence of 33 months consecutive is warranted. I mean, the judge did reference the guidelines, did he not? Just your honor, the court did look to the guidelines, but it failed to address the reasoning for applying the guidelines in that sense. So it did acknowledge the guidelines. However, the guidelines... Pardon me. Yes. Well, I mean, if a court says a particular sentence is supported by the guidelines, is that somehow insufficient for our review? In this case, the court is... The district court still needs to provide its reasoning in addition to looking at the guidelines. So even though the guidelines... That's part of its reasoning. I'm sorry? I guess what I'm suggesting is the court's invocation of an apposite guideline that supports the very sentence the court imposed is reflective of the court's reasoning. Yes, your honor. In this case, the reasoning... The guidelines and the reasoning are intertwined, but the court here in this case failed to address the reasoning for imposing a consecutive sentence in this case. Which takes us to our second issue in this case, that the court failed to provide a sufficient record for appellate review. Rather, in this case, the fourth paragraph fleeting explanation was far too limited and ambiguous to know whether a court's sentence, or explanation rather, addressed its reasoning for the length of the sentence or the nature of the sentence. The district courts have discretion to impose the length of the sentence and the nature of the sentence, whether it is to run consecutively or concurrently. Did the parties agree that 33 months was the appropriate length? The parties did agree to that. However, the court does have discretion to impose a sentence in this case. Here, the court... District courts have discretion to... District courts do have discretion to impose the length of the sentence and the term of the sentence. However, in looking to that obligation, they still must apply their reasoning for doing both of those. And here, the court failed to do so. Rather, the court did not explain its reasoning for the length of the sentence, nor the nature of the sentence. And for that reason, there is not a meaningful record for appellate review. Here, Cochran is supportive of this case. When the court... When district court imposes a length of the sentence and the nature of the sentence, it must address the... It must state its reasoning on the record for doing so, which the court failed to do so here. So we do not know whether the reasoning... The very minimal reasoning that the court provided goes to the length of the sentence or the nature of the sentence. Seeing no further questions... Thank you. May it please the court. Amanda Gregory for the United States. This is a simple, straightforward case. The district court imposed a sentence at the very bottom of the guideline range for a revocation of supervised release after Major repeatedly violated the terms of his supervised release, culminating in another federal drug trafficking conviction. The district court heard from both sides. Both sides recommended a low-end 33-month sentence with Major requesting that the sentence run concurrent to his new drug trafficking conviction because the charges for his federal conviction occurred close to the end of his supervised release period. Major did not raise any other issue or put any emphasis on any particular 3553A factor. I think the judge in this case acknowledges that there are circumstances in which if a violation occurred at the very end of a period, it would be. He says this argument would be more persuasive, but for the repeated violations. And as we explained in our brief, that's because if someone had gone an entire five-year period and only had a violation at the very end, that might indicate that they'd done really well. Rehabilitation was promising. That should be a factor. But that isn't the case here when there are so many other violations, including other criminal violations. Two different state criminal charges. Would it matter, and I honestly don't know the answer to this, but would it matter if the offense in the last week was simply another use of marijuana offense, as some of his earlier ones were, I think? Is it significant that that offense in the last week was this crime that he committed for which he's receiving a decently long sentence? Well, I think the crime that he committed is what drives the supervised release guideline because it's the highest grade violation. So if it had just been, hypothetically, one of the other six violations that he had, or you can correct me if I've got the number wrong, but one of the other several violations that were of a similar nature, he wouldn't be within the guideline range that would be 33 to whatever months that was involved here? If it was just the marijuana violations, I'm not 100 percent on, I'd have to look back at the violation report as to whether, because I know there were certain circumstances with his state convictions. I believe one was diverted and one was still pending. So yes, I don't think actually either of those would have counted as criminal violations that he was being revoked for that would also be the higher grade. So yes, I think, but for the federal conviction, he might have gotten a lower supervised release range. So if the only violation he had was the new crime for which he's getting a sentence on the actual criminal conviction, would it be appropriate for him to get 33 months for the supervised release violation, say midway through his supervised release period? Can you repeat that? I'm just trying to figure out how the supervised release violations relate to his underlying crime and whether he's essentially very lucky to get only 33 months consecutive or whether this is really harsh. And so what I'm wondering is if the only, say he's been perfect in his five years of supervised release and on year two he commits a crime which they just find out about at the end of the sentence, can he get the 33 month supervised release violation sentence consecutive to his however many months, 70 months or whatever it is on the underlying crime? Well, yes, but working within the facts of this case in terms of whether he's lucky, I would say that yes, because for the underlying, the original offensive conviction back in 2009, he already had a new drug trafficking conviction that was sentenced the same day as his supervised release revocation sentencing. He received 120 month downward departure. So factoring in those things as well, which I think if you're looking at it as a whole as to whether he's lucky or whether this is an over penalty, I think that yes, it's still a fair outcome. So should the district judge have explained more either on consecutive sentences or on the 33 months? The district judge could have explained more, but under this court's precedence and the Supreme Court precedence, the district court has a great deal of discretion as to how much explanation is necessary for a sentence, particularly as here when a sentence is within the guidelines range. Part of the rationale for that is that if a district court agrees with the sentencing guidelines, that's already two entities that have considered the factors that Congress says that they should consider and come to the same term. And in this particular case, we also have both parties agreeing on a low-end guideline sentence as well. So that's four separate independent entities that have come to that same number. And the only area of disagreement is the concurrent versus consecutive, which the district court did address. It said that Mr. Major's argument was not persuasive due to the fact that he had repeatedly violated the terms of the supervised release. So it wasn't just this one violation at the end of the period. And also that it was consistent with the guidelines to sentence consecutive, referencing the argument the United States at the sentencing revocation hearing had just made regarding the 7B.1.3 guideline policy statement that recommended that this sentence be consecutive. Are there any circumstances where you would argue as the U.S. that they should be concurrent? Or is this essentially a 7B.1.3F essentially dogmatic, that it has to be consecutive? Well, obviously the district court has discretion. It's not required to apply that. And I'm sure there are circumstances in which the United States has recommended that certain sentences be concurrent. But this, you feel, is not one of them? No, for the reasons that the district court highlighted. Again, that this is not his only supervised release violation. So he's not only being violated for the underlying conduct of his new conviction. And also because the United States took a very reasonable position with respect to his new conviction and recommended a sentence that was 120 months below the low end of the guidelines there. In this case, the court, as I said, could have said more. But the judge only has to set forth enough to satisfy the appellate court that he has considered the party's arguments and has a reasoned basis for exercising his own legal decision-making authority. And this court has said that that is a function over form inquiry, looking at what the court did and not just what it said. Major argues that the court should have said more, but the law does not demand that. And the court was simply given enough reasoning to show that it considered the relevant factors and the party's arguments, which here were very limited. The standard was met here because the sentence was procedurally sound and reasonable. Thank you. Two points. First, regarding the prior violations. First, there were multiple violations that Mr. Major had acknowledged, but the government prosecution never felt the need to bring Mr. Major into court to address those violations. It was only for this last violation that occurred one week before his supervised release period was set to expire. As the government mentions, we do look to the transcript of the district court to see what it reveals that the district court did, not merely what it said. And that is from Gunter, U.S. v. Gunter. And in U.S. v. Gunter, that provides a number of reference points for which we can look at that this court or the district court here did not do. It did not devote significant time and attention to the issues. It did not display a great deal of hesitation before putting a sentence down, reconvening a second hearing. There was no colloquy between the defense counsel and the court in this case, and its reasonings were not straightforward and clear. In addition to that, the court did not ask the standard boss to question, and the court did not give Mr. Major the opportunity to allecute. So taking Gunter as guidance in this case to look at the transcript is to reveal that the court did not properly consider Mr. Major's argument, the one argument that he made regarding proximity. Second, as the government recognizes that the court could have said more, the court needed to have said more. As mentioned, district courts have discretion when imposing the length of the sentence, as well as the nature of the sentence. And although both parties here may have agreed on the 33 months, the district court has discretion and obligation to explain its imposition of the 33 months. The district court did not reference the agreement in explaining its sentence. Nor did it reference Section 7B1.3 in this case. It merely said that the sentence would run for 33 months and consecutively. You don't have any complaint about his explanation of the 33-month part of that, correct? The issue here is that both parts need to be explained, both the length of the sentence and the nature of the sentence. I mean, it might, you know, if we were to do a general remand to send this back, I mean, I think as the United States has said, your client on the whole may have gotten a pretty good deal here. I mean, if you're asking for a general remand where all this could be revisited, including some of these kind of unusually low numbers, then that might not turn out so well. That is potentially true, Your Honor, but at the same time, Mr. Major did make arguments regarding a time-based argument, and as the court has stated, Mr. Major's liberty is already at issue. So I think the court does need to consider the arguments that he raises and fully weigh them in this case. If there are no further questions, I will say that the court here, this is a mere afterthought, and we ask the court to remand this case for resentencing. Thank you. Thank you. And thank you both for your argument, but we particularly thank you, Mr. Eslick, for your argument as a recent graduate of the University of Michigan. The program that the University of Michigan has of having student counsel in cases is a wonderful program, and you all do a great job, and I want to thank you for doing that and wish you the best in your legal career.